UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>555 Fourth St., N.W.<br>Washington, D.C. 20530<br><br>Plaintiff,<br>v.<br><br>FORTY-EIGHT THOUSAND NINE<br>HUNDRED DOLLARS ($48,900.00)<br>IN UNITED STATES CURRENCY,<br><br>Defendant. | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully pleads as follows:

**BACKGROUND**

1. This is a civil action, *in rem*, brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture of property furnished in exchange for controlled substances, property traceable to such an exchange, or moneys, negotiable instruments or securities used, or intended to be used, to facilitate a violation of 21 U.S.C. §§ 801 *et. seq.*

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a). Venue is established by virtue of 28 U.S.C. §§ 1355(b), 1395 and 21 U.S.C. § 881(j).

3. The defendant property is more fully described as:

> forty-eight thousand nine hundred dollars ($48,900.00) in United States currency seized from Gisela Amador on December 12, 2004, onboard an Amtrak train that had temporarily stopped at Union Station in Washington, D.C.

4. The currency was converted to a check and is currently in the custody of the United States Marshals Service in the District of Columbia.

5. Shortly after the currency was confiscated it was presented to a canine trained to detect, and alert to, the presence of controlled substances. The canine gave a positive reaction to the presence of a controlled substance on the currency.

## BASES FOR FORFEITURE

6. On December 12, 2004, Drug Enforcement Administration Task Force Officer, Bryan Sutton, and Amtrak Detective, Charles George, were conducting a routine security check of passengers onboard an Amtrak train which had originated in New York City and was destined for Fort Lauderdale, Florida. In that investigation, the officers learned that Gisela Amador (hereinafter, "Amador") had purchased a one-way ticket shortly before she left New York City, bound for Florida.

7. After conducting that records check, the officers approached Amador on the train and interviewed her. Amador consented to a search of her carry-on bag. The officers found forty-eight thousand nine hundred dollars ($48,900.00) in United States currency inside the bag.

8. During the course of the interview, Amador told the officers that the currency belonged to her mother. Amador provided conflicting and evasive information during that interview. For example, she told the officers that only nine thousand dollars ($9,000.00) in currency was contained in the carry-on bag. She also told the officers that she intended to use the money to purchase commercial property in Florida but she could not identify where the property was located. Amador eventually told the officers that there was no pre-arranged intention to purchase

real estate and that she had the currency in her possession "just in case."

9. The entire allotment of currency was comprised of twenty dollar bills and was unequally divided into three, separate, vacuum-packed bags. The bills were grouped together in $1,000.00 bundles and each bundle was held together with a rubber band.

10. The composition of the currency (in large numbers of small bills) and the manner in which the currency was wrapped and bundled (in consistent allotments of the same amount, each allotment held together by a rubber band, and all allotments contained inside odor-resistant packaging such as vacuum-packaging) is consistent with the manner in which drug traffickers typically store, maintain and transport their drug proceeds.

11. Within an hour of seizing the currency from Amador, the officers presented the currency to a trained canine who alerted to the presence of a controlled substance on the currency.

## COUNT I

12. The allegations contained in paragraph numbers 1 through 11 are realleged and incorporated, herein, by reference.

13. In light of the above-described events, there is reason to believe that the defendant, seized currency constitutes property furnished in exchange for controlled substances, traceable to such an exchange, or used, or intended to be used, to facilitate a violation of 21 U.S.C. §§ 801 *et. seq.*, and is, therefore, subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the defendant property as described above; that due notice be given to all parties to appear and show cause why the forfeiture of such property should not be decreed; that judgment

be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursement of this action.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

_____
MICHAEL A. HUMPHREYS
Assistant United States Attorney
D.C. Bar No. 383353
555 4th St., N.W.
Washington, D.C.   20530
(202) 514-7065

## VERIFICATION

I, Bryan E. Sutton, Task Force Officer with the Drug Enforcement Administration, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture, *in rem,* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed on this 27th day of June 2005.

_____
Bryan E. Sutton
Task Force Officer
Drug Enforcement Administration